**Nos. 24-2395 & 24-2436**

# In the United States Court of Appeals for the Third Circuit

◆

**JULIO SUAREZ, ET AL.,**
    *Plaintiffs–Appellees–Cross-Appellants*,

v.

**COMMISSIONER PENNSYLVANIA STATE POLICE,**
    *Defendant–Appellant–Cross-Appellee.*

◆

Appeal from the United States District Court
for the Middle District of Pennsylvania
Case No. 1:21-cv-00710

◆

**APPELLEES'/CROSS-APPELLANTS' RESPONSE TO THE COURT'S ORDER OF AUGUST 7, 2024**

◆

JOSHUA PRINCE, ESQ.
CIVIL RIGHTS DEFENSE FIRM, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 202-9297
Joshua@CivilRightsDefenseFirm.com

*Counsel for Appellees/Cross-Appellants*

Plaintiffs/Appellees/Cross-Appellants Julio Suarez, Daniel R. Binderup, Daniel F. Miller, Firearms Policy Coalition, Inc., and Second Amendment Foundation, by and through their counsel, hereby submit this written Response to this Court's Order dated August 7, 2024.

## I.     STATEMENT OF THE ISSUE

The sole issue responded to is whether the July 24, 2024 Order appealed from the United States District Court for the Middle District of Pennsylvania is a final order within the meaning of 28 U.S.C. § 1291, and consequently whether it is appealable at this time.

## II.    FACTUAL BACKGROUND

Plaintiffs filed their underlying petition for relief in the District Court for the Middle District of Pennsylvania on April 16, 2021, challenging various provisions of Pennsylvania's Uniform Firearms Act on the grounds that they are violative of the Second Amendment to the U.S. Constitution. Following Plaintiffs' Second Motion for Summary Judgment (Doc. 39) and Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 41), Judge Christopher C. Conner issued an Order (Doc. 62) and Memorandum (Doc. 61), dated July 24, 2024, granting Plaintiffs' challenge to 18 Pa.C.S. § 6107 and, in part, to a portion of 18 Pa.C.S. § 6106, but granting Defendant's motion to dismiss in relation to 18

Pa.C.S. § 6108, as well as, Defendant's motion for summary judgment regarding other provisions of 18 Pa.C.S. §§ 6106, 6109.

As part of the July 24, 2024 Order, the District Court gave Plaintiffs leave to amend their complaint to allege facts relevant to Plaintiffs' desire to carry firearms in Philadelphia, holding that in the absence of any such pleadings the Plaintiffs lacked standing to contest the constitutionality of Section 6108, which prohibits the Plaintiffs from carrying, *in toto*, firearms in "Cities of the First Class,"[1] absent a license to carry firearms that they are ineligible for under the challenged provision of Section 6109. The Order provided that, in the event Plaintiffs submitted an amended complaint, Plaintiffs' claims "shall be immediately severed and transferred to the United States District Court for the Eastern District of Pennsylvania."

Following the issuance of the July 24 Order, Defendant filed a Notice of Appeal (Doc. 66) on July 26, 2024, and Plaintiffs filed their own Notice of Appeal (Doc. 68) on August 2, 2024, seeking review of the Judgment, Order, and Memorandum entered on July 24th and 25th, 2024. Subsequently, on August 7, 2024, Plaintiffs filed their Amended Complaint (Doc. 72), upon which the District Court issued an Order (Doc. 73) on August 8, 2024 severing Plaintiffs' challenge to Section 6108, transferring it to the U.S. District Court for the Eastern District of

---

[1] Pursuant to 53 P.S. § 101, Philadelphia is a city of the first class.

Pennsylvania, and closing the case in the Middle District. Thereafter, the U.S. District Court for the Eastern District of Pennsylvania docketed the matter as *Suarez, et al. v. Paris*, 5:24-cv-04087.

### III.　　ARGUMENT

The District Court's Order (Doc. 62) is immediately appealable as a final order pursuant to 28 U.S.C. § 1291 because, while the Order granted Plaintiffs leave to file an amended complaint in relation to the challenged provisions of 18 Pa.C.S. § 6108, it additionally provided for Plaintiffs' challenge to Section 6108, upon receipt of an amended complaint, to be "immediately severed and transferred to the United States District Court for the Eastern District of Pennsylvania," and directed the Clerk of Court to "thereafter CLOSE this case."

As the U.S. Supreme Court declared, a "final decision" is one "by which a district court disassociates itself from a case." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42 (1995). And, this Court has echoed that sentiment, when it declared that a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Commc'n Workers of Am., AFL-CIO v. Am. Tel. & Tel. Co.*, 932 F.2d 199, 205 (3d Cir. 1991). Consequently, the District Court's Order was necessarily a "final decision," as the District Court clearly disassociated itself from the case and left nothing further for the court to resolve.

Moreover, as a result of the Court's additional, duplicative[2] Order of August 8, 2024 – whereby it severed the challenge to Section 6108, transferred it to U.S. District Court for the Eastern District of Pennsylvania, and the Eastern District docketed the challenge to Section 6108 as *Suarez, et al. v. Paris*, 5:24-cv-04087-JLS – as Section 6108 is neither before the District Court nor this Court, there can be no dispute that there are no remaining issues currently before the District Court to decide[3] and thus its Order constitutes a final decision. Whether by dismissal for lack of standing or by transfer to the Eastern District of Pennsylvania, the Middle District's July 24, 2024 Order disassociated it entirely from any further proceedings in the case.

## IV.    CONCLUSION

As the District Court's July 24, 2024 Order disposed of the case at the district court level, regardless of other proceedings to take place in the Eastern District of Pennsylvania, the Order is reviewable as a final order pursuant to 28 U.S.C. § 1291.

---

[2] *Cf.* ¶ 2 of the July 24, 2024 Order with ¶¶ 1-2 of the August 8, 2024 Order.
[3] Depending on the results of the cross-appeals, the District Court may, in the future, have to decide an application by Plaintiffs for attorney fees and costs, if Plaintiffs are "prevailing part[ies]" pursuant to 42 U.S.C. § 1983. Plaintiffs, with Defendant's concurrence, submitted a motion to stay their requirement to file a request for attorney fees and costs, pursuant to Fed.R.Civ.P. 54, until a final decision on appeal is rendered in this matter (Doc. 69); which the District Court granted on August 5, 2024 (Doc. 70).

Dated: August 21, 2023

Respectfully Submitted,

*/s/ Joshua Prince*

Joshua Prince, Esq.
Attorney Id. No. 306521
Civil Rights Defense Firm, P.C.
646 Lenape Rd
Bechtelsville, PA 19505
888-202-9297 ext. 81114
610-400-8439

*Attorney for Plaintiffs/Appellees/Cross-Appellants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served upon the following through the Court's ECF system:

Daniel B. Mullen
Deputy Attorney General
Office of Attorney General
1251 Waterfront Place, Mezzanine Level
Pittsburgh, PA 15222
dmullen@attorneygeneral.gov
*by Electronic Filing*

_____
Joshua Prince, Esq.