THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| JULIO SUAREZ, et al., | : | |
| | : | |
| Appellees/Cross-Appellants | : | |
| | : | |
| v. | : | Nos. 24-2395 & 24-2436 |
| | : | |
| COMMISSIONER PENNSYLVANIA STATE POLICE, | : | |
| | : | |
| Appellant/Cross-Appellee | : | |

## COMMISSIONER OF THE PENNSYLVANIA STATE POLICE'S RESPONSE TO THIS COURT'S AUGUST 7, 2024 ORDER

Undersigned counsel for Commissioner of the Pennsylvania State Police (PSP) (defendant below) hereby responds to this Court's August 7, 2024 order directing the parties to address potential jurisdictional defects in the above captioned cross-appeals. 3d Cir. Dkt. 24-2395, ECF No. 9 (Defendant's Appeal); 3d Cir. Dkt. No. 24-2436, ECF No. 3 (Plaintiffs' Appeal).

For the reasons explained *infra*, there is no jurisdictional defect in the appeal filed by the Commissioner (docketed at 24-2395) because the District Court's July 24, 2024 order issued immediately-effective injunctive relief against the Commissioner preventing him from enforcing two provisions of Pennsylvania law. 28 U.S.C. § 1292(a)(1) (giving the courts of appeals jurisdiction over interlocutory appeals from orders granting injunctions). But Plaintiffs' cross-appeal (docketed at

1

24-2436) should be dismissed for want of appellate jurisdiction. The portion of the District Court's order that was adverse to Plaintiffs was *without prejudice* and specifically gave them 20 days to file an amended complaint, which Plaintiffs did. The District Court severed that portion from the judgment entered against the Commissioner, and transferred that new case to the Eastern District of Pennsylvania, where it remains live. Therefore, Plaintiffs had no right to immediately appeal the non-final adjudication of those claims.

## BACKGROUND

Appellant/Cross-Appellee (defendant below) is PSP Commissioner Col. Christopher Paris, who was sued in his official capacity only.[1] Appellees/Cross-Appellants (plaintiffs below) are three individuals—Julio Suarez, Daniel Binderup, and Daniel Miller—and two advocacy groups—the Firearms Policy Coalition and the Second Amendment Foundation. Plaintiffs' brought suit in the Middle District of Pennsylvania claiming that various public-carry provisions in Pennsylvania's Uniform Firearms Act violate the Second Amendment. Dist. Ct. Dkt. No. 1 (complaint). Specifically, Plaintiffs challenged the following four provisions:

1. 18 Pa.C.S. § 6106(a)(1), which prohibits unlicensed individuals from carrying loaded firearms in vehicles.

---

[1] Although Robert Evanchick was the PSP Commissioner at the outset of this case, Col. Paris is the current Commissioner and was automatically substituted as the defendant under Fed.R.Civ.P. 25(d).

2. 18 Pa.C.S. § 6107, which prohibits unlicensed individuals from publicly carrying during a declared state of emergency.

3. 18 Pa.C.S. § 6109(e)(1)(viii), which prohibits the issuance of concealed-carry licenses to any individual who has been charged or convicted of a crime punishable by a term of imprisonment exceeding one year.

4. 18 Pa.C.S. § 6108, which prohibits unlicensed carry of firearms on public property in the streets of Philadelphia.

On July 24, 2024, the District Court entered summary judgment in Plaintiffs' favor with respect to two of those provisions (nos. 1 and 2 *supra*), but entered summary judgment in favor of the Commissioner on the other two (nos. 3 and 4 *supra*). Dist. Ct. Dkt. Nos., 61, 62, 63, 64.

As to the claims in Plaintiffs' favor, the District Court determined that 18 Pa.C.S. § 6106(a)(1) (vehicle provision) and 18 Pa.C.S. § 6107 (emergency carry provision) violate the Second Amendment. The District Court entered immediately-effective injunctive relief enjoining the Commissioner from enforcing those two provisions. Dist. Ct. Dkt. ECF No. 62 at ¶ 3 (order). And the District Court entered judgment against the Commissioner on those claims. Dist. Ct. Dkt. ECF No. 64 (judgment).

As to the claims in the Commissioner's favor, the District Court rejected the Plaintiffs' challenges to the constitutionality of 18 Pa.C.S. § 6109(e)(1)(viii)

(licensing provision) and 18 Pa.C.S. § 6108 (public-carry in Philadelphia provision). Dist. Ct. Dkt. ECF No. 62 at ¶ 1. Critically, with respect to 18 Pa.C.S. § 6108, the District Court specified that the claim was dismissed *without prejudice* and gave Plaintiffs 20 days to amend their complaint. Dist. Ct. Dkt. ECF No. 62 at ¶ 1(a). And, the District Court indicated that it would sever that claim and transfer it to the Eastern District of Pennsylvania in the event Plaintiffs amended because of the unique interests of Philadelphia in that claim. Dist. Ct. Dkt. ECF No. 61 at 4-5, 11-12 (opinion).

On July 26, 2024, the Commissioner appealed from the portions of the order immediately enjoining him from enforcing two provisions of Pennsylvania law. Dist. Ct. Dkt. ECF No. 66. That appeal is docketed in this Court at 24-2395.

On August 2, 2024, Plaintiffs cross-appealed. Dist. Ct. Dkt. ECF No. 68. That appeal is docketed in this Court at 24-2436.

On August 7, 2024, Plaintiffs then filed an amended complaint, as the District Court permitted. Dist. Ct. Dkt. ECF No. 72 (amended complaint). That complaint is a nearly verbatim copy-and-paste reproduction of the original complaint, and thus challenges both 18 Pa.C.S. § 6109(e)(1)(viii) *and* 18 Pa.C.S. § 6108. *Compare* Dist. Ct. Dkt. ECF No. 1 (complaint) *with* Dist. Ct. Dkt. ECF No. 72 (amended complaint).

4

On August 8, 2024, the District Court then severed the case and transferred the amended complaint to the Eastern District of Pennsylvania in light of unique "local interests of Philadelphia" in those claims. Dist. Ct. Dkt. ECF No. 73; *see also* Dist. Ct. Dkt. ECF No. 61 at 10-12 (memorandum).

## ARGUMENT

### I. THERE IS NO JURISDICTION DEFECT IN THE COMMISSIONER'S APPEAL, DOCKETED AT 24-2395

There is no jurisdictional issue with the Commissioner's appeal for two reasons.

First, under 28 U.S.C. § 1292(a)(1), the courts of appeals have jurisdiction over appeals from "interlocutory orders . . . granting . . . injunctions[.]" *See also Zurn Indus., LLC v. Allstate Ins. Co.*, 75 F.4th 321, 326 (3d Cir. 2023) (acknowledging that 28 U.S.C. § 1292(a)(1) "grants appellate courts jurisdiction over '[i]nterlocutory orders of the district courts of the United States . . . granting . . . injunctions'"). There can be no doubt that the portions of the District Court's order entering immediate injunctive relief against the Commissioner enjoining him from enforcing two provisions of a Pennsylvania statute fall squarely within Subsection 1292(a)(1). Therefore, there is no jurisdictional issue with the Commissioner's immediate appeal from that order.

Second, the District Court's order deeming two provisions of Pennsylvania law unconstitutional became final within the meaning of 28 U.S.C. § 1291 once the

District Court severed the amended complaint and transferred it to the Eastern District of Pennsylvania. This ended the litigation in the Middle District, leaving nothing for the District Court to do but execute the judgment entered. *See, e.g.*, *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 408 (3d Cir. 2016) (quoting *Riley v. Kennedy*, 533 U.S. 406, 419 (2008)). The District Court's order is final as to the only two claims at issue in the Commissioner's appeal.

## II. PLAINTIFFS' APPEAL, DOCKETED AT 24-2436, SHOULD BE DISMISSED FOR WANT OF JURISDICTION

Plaintiffs' cross-appeal should be dismissed, however. It is well-settled that an order dismissing a complaint without prejudice is not a final appealable order "because the deficiency may be corrected by the plaintiff without affecting the cause of action." *Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir. 1976). Under some circumstances, a plaintiff can convert a dismissal without prejudice into a final appealable order by standing on his original complaint. *Berke v. Bloch*, 242 F.3d 131, 135 (3d Cir. 2001) ("It is a 'well-settled- principle in this circuit that an order dismissing a complaint without prejudice is not a final and appealable order unless . . . the plaintiff has elected to stand on their pleading.").[2] That did not occur here.

---

[2] There are two basic methods by which a plaintiff can convert a dismissal without prejudice into a final order: (1) fail to take action before a deadline established by a "self-effectuating" order that "provides express notice" that missing the deadline will "automatically produce a final order of dismissal;" or (2) express "a clear and unequivocal intent" to decline amendment and immediately appeal,

If Plaintiffs wanted to immediately appeal, they should have simply declined to file the amended complaint and signal their clear intent to stand on their original complaint. Instead, they appealed *and* filed an amended complaint challenging the constitutionality of *both* 18 Pa.C.S. § 6109(e)(1)(viii) *and* 18 Pa.C.S. § 6108. Plaintiffs have thus engendered considerable doubt and ambiguity as to whether they intend to stand on their original complaint with respect the claims they lost, both of which they are currently raising in the Eastern District. Plaintiffs should not be permitted to appeal the Middle District Court's non-final adjudication of those clams in this Court while simultaneously litigating those same claims in the Eastern District of Pennsylvania. Their cross-appeal docketed at 24-2436 should therefore be dismissed for lack of jurisdiction.

## CONCLUSION

There is no jurisdictional defect in the Commissioner's appeal docketed at 24-2395. But Plaintiffs' cross-appeal docketed at 24-2436 should be dismissed for lack of appellate jurisdiction.

---

leaving "no doubt or ambiguity" as to whether he plans to stand on the original complaint. *Weber v. McGrogan*, 939 F.3d 232, 240 (3d Cir. 2019).

|     | MICHELLE A. HENRY<br>Attorney General |
|-----|---|
| By: | /s/ Daniel B. Mullen |
|     | DANIEL B. MULLEN<br>Deputy Attorney General<br>Bar No. 321525 (Pa.) |
|     | SEAN A. KIRKPATRICK<br>Chief Deputy Attorney General<br>Chief, Appellate Litigation Section |

Office of Attorney General
1251 Waterfront Place
Pittsburgh, PA 15222
Phone: (412) 235-9067

DATE: August 21, 2024

# THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| JULIO SUAREZ, et al., | : | |
| | : | |
| | : | |
| Appellees/Cross-Appellants | : | |
| | : | |
| v. | : | Nos. 24-2395 & 24-2436 |
| | : | |
| COMMISSIONER PENNSYLVANIA STATE POLICE, | : | |
| | : | |
| | : | |
| Appellant/Cross-Appellee | : | |

## CERTIFICATE OF SERVICE

I, Daniel B. Mullen, Deputy Attorney General, hereby certify that on August 21, 2024, I served the foregoing document on the following:

> Joshua Prince, Esq.
> Prince Law Offices
> 646 Lenape Road
> Bechtelsville, PA 19505
> *Counsel for Appellees/Cross-Appellants*
> (via CM/ECF)

                                              */s/ Daniel B. Mullen*
                                              **DANIEL B. MULLEN**
                                              **Deputy Attorney General**