**Consolidated Nos. 24-2395, 24-2436, 24-2591, & 24-2602**

# In the United States Court of Appeals for the Third Circuit

◆

**JULIO SUAREZ, ET AL.,**
　　　　　*Plaintiffs–Appellees–Cross-Appellants,*

v.

**COMMISSIONER PENNSYLVANIA STATE POLICE,**
　　　　　*Defendant–Appellant–Cross-Appellee.*

◆

Appeal from the United States District Court
for the Middle District of Pennsylvania
Case No. 1:21-cv-00710

◆

**TAYLOR BROWN, ET AL.,**
　　　　　*Plaintiffs–Appellants,*

v.

**COMMISSIONER PENNSYLVANIA STATE POLICE,**
　　　　　*Defendant–Appellee.*

◆

Appeal from the United States District Court
for the Middle District of Pennsylvania
Case No. 1:24-cv-01015

◆

**APPELLEES'/CROSS-APPELLANTS' REPLY IN SUPPORT OF MOTION TO LIFT AND VACATE THE DISTRICT COURT STAY OR IN THE ALTERNATIVE, EXPEDITE THIS MATTER**

◆

JOSHUA PRINCE, ESQ.
CIVIL RIGHTS DEFENSE FIRM, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 202-9297
Joshua@CivilRightsDefenseFirm.com

*Counsel for Appellees/Cross-Appellants*

Pursuant to F.R.A.P. 27 and LARs 4.1 and 8.1, the *Suarez* and *Brown* Plaintiffs/Appellees/Cross-Appellants/Appellants, by and through their counsel, file this reply in support of their Motion to lift the District Court's Stay or, in the alternative, expedite this matter.

## ARGUMENT

Pursuant to LAR 8.1, this Court should lift and vacate the stay erroneously entered by the District Court or in the alternative, expedite this matter, so this Court can confirm the unconstitutional nature of 18 Pa.C.S. §§ 6106, 6107, 6109.

### A.     *The Stay was Erroneously Entered*

As the Commissioner has failed to rebut Appellees' arguments that the District Court abused its discretion in granting the stay, this Court should lift and vacate the stay.

    1.     <u>The Commissioner's response fails to address Appellees' contention that there was no proper record before the District Court to grant a stay</u>

As Appellees addressed in their Motion (Doc. 17, pgs. 5-6), as a result of the Commissioner's failure to comply with M.D.PA LARs 7.3 and 7.8, there was no proper record before the District Court to grant a stay, especially given that neither the Commissioner's motion nor brief contained a statement of facts and there were no affidavits attached to the motion. Moreover, Appellees contended that the

1

Affidavits filed with the Commissioner's brief should be struck, as they unfairly prejudiced them, as they were deprived of the opportunity to inquire, cross-examine, or otherwise investigate or challenge the veracity of the claims made. *Id*. at 6. The Commissioner's response (Doc. 19) is devoid of any response to this argument and as this Court declared, the "failure to respond to the pertinent opposition-brief argument acts as a concession of that argument." *Sang Geoul Lee v. Won Il Park*, 720 F. App'x 663, 666 (3d Cir. 2017). Resultantly, as there were no facts of proper record for the District Court to grant a stay and the Commissioner has conceded the prejudice of the affidavits, this Court should lift and vacate the stay.

        2.      <u>The Commissioner failed to meet the necessary criteria for a stay</u>

As Appellees addressed (Doc. 17, pgs. 7-19), the Commissioner failed to meet the necessary criteria for a stay, as not only did he not make a strong showing of his likelihood of success on the merits or that he would suffer irreparable injury absent a stay, but also, could not show how a stay of an unconstitutional law is in the public interest or address how the Appellees – and the remainder of the public – would not be substantially harmed by a stay. It is telling that his response is devoid of addressing this Circuit's precedent that a stay is an "*extraordinary remedy*" that should be rarely granted, because the bar in this Circuit "is set

particularly high" (*Conestoga Wood Specialities Corp. v. Sec'y of U.S. Dep't of Health & Hum. Servs*, No. 13-1144, 2013 WL 1277419 *1-2 (3d. Cir 2013)(emphasis added)) and that it constitutes an "extraordinary act [to] delay[] the injunction of an unconstitutional law" as "[o]ur Constitution ordinarily demands 'prompt rectification' of constitutional violations, absent an 'overwhelmingly compelling reason'." *Atl. Coast Demolition & Recycling, Inc. v. Bd. of Chosen Freeholders of Atl. Cnty.*, 112 F.3d 652, 669 (3d Cir. 1997), *amended*, 135 F.3d 891 (3d Cir. 1998)(quoting *Watson v. City of Memphis*, 373 U.S. 526, 533 (1963)). Nevertheless, Appellees address the arguments raised by the Commissioner and not addressed previously.

      a.    **The Commissioner failed to show any likelihood of success on the merits**

While the Commissioner contends that he has a reasonable chance at success because of: (1) the District Court's citation to *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 98 (3d Cir. 2023); (2) the District Court's assumption that *Lara v. Comm'r Pa. State Police*, 91 F.4th 122 (3d Cir. 2024) "remains good law;" and (3) that Appellees allegedly failed to demonstrate that the vehicle portion of 18 Pa.C.S. § 6106 was "facially unconstitutional in *all applications,*" (Doc. 19, pgs. 7-13), his argument is initially belied by the fact that the District Court: (1) after acknowledging that *Range* had been GVR'ed (Doc. 61, pg. 23), only cited to it in

3

the "Historical Review of Second Amendment Jurisprudence" section of its decision (*id.*, pgs. 22-24) and on pages 39-42, where the court found that *the Commissioner* was entitled to summary judgment relating to Appellees' challenge to 18 Pa.C.S. § 6109(e)(1)(viii);[1] (2) as the Commissioner admits, *Lara* has not been vacated and thus remains binding precedent (Doc. 19, pg 11, fn. 6);[2] and (3) the District Court was not persuaded by the Commissioner's argument that the Appellees had not established the facial unconstitutionality of Section 6106[3,4] and he fails to explain how Appellees have not established the facial unconstitutionality of Section 6106, when, as just one example, the U.S. Supreme Court in *Bruen v. NYSRPA*, 597 U.S. 1, 11, 71 (2022) provided facial relief in ruling that New York's proper cause requirement was unconstitutional, even though, the Court – in striking down the requirement *in toto* – was not concerned with providing as-

---

[1] Thus, an issue irrelevant to the Commissioner's stay request and resolved in his favor.
[2] As addressed in the Response to the Petition for Certiorari in *Paris v. Lara, et al.*, Dkt. 24-93 (U.S. Aug. 29, 2024), it is extremely unlikely that the U.S. Supreme Court will grant certiorari or GVR *Lara*; much to the chagrin of the Commissioner.
[3] The Commissioner in *Brown, et al. v. Comm'r Pa State Police*, 1:24-cv-01015 (which is consolidated with this appeal) made this argument before the District Court in opposition to the *Brown* Plaintiffs' request for a preliminary injunction. *See*, Doc. 12, pgs. 15-16. The District Court considered all the arguments in both *Suarez* and *Brown* before issuing its decision in *Suarez* and denying the *Brown* Plaintiffs relief, in part, on the basis that it was mooted by the issuance of the *Suarez* decision and injunction. *See*, *Brown* Order of July 29, 2024.
[4] The District Court's Stay Order (Doc. 81) likewise does not list the Commissioner's argument as a basis for granting the stay.

applied relief, so that the law could continue to be enforced "against someone who committed a serious violent felony like aggravated assault, or against someone who has been adjudicated mentally ill." Doc. 19, pg. 11. And the same is true in relation to the Court's facial striking down of two laws that prohibited the possession and use of handguns in the home in *D.C. v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010).

Lost on the Commissioner, as the U.S. Supreme Court has explained, "a facial challenge only fails if the law is constitutional in at least some of *its applications.*" *United States v. Rahimi*, 144 S. Ct. 1889, 1903, fn. 2 (2024) (citing *United States v. Salerno*, 481 U.S. 739, 745 (1987)). Thus, the focus must be on the *challenged law's actual application* and in this matter, Section 6106 does not – contrary to the Commissioner implication – address prohibited persons. Instead, it applies to any person, *regardless of their prohibited status*, who does not have a license to carry firearms; no differently than the laws held facially unconstitutional in *Heller*, *McDonald*, and *Bruen*.[5] And of course, in this vein, the Commissioner's argument is a red herring, as the District Court's decision relative to Section 6106 has no nexus with someone who is prohibited from purchasing, possessing, and

---

[5] *Cf. Rahimi*, which addressed 18 U.S.C. § 922(g)(8) and its prohibition on individuals specifically subject to domestic violence restraining orders, explaining that a court would have to analyze a facial challenge in relation to Section 922(g)(8)'s application to all individuals subject to domestic violence restraining orders. 144 S. Ct. at 1903.

utilizing firearms pursuant to 18 Pa.C.S. § 6105 or 18 U.S.C. § 922(g) and resultantly, those individuals are already prohibited and can continue to be prosecuted according to the relevant laws for prohibited possession, *even if* the firearm was found in their vehicle.

Beyond these failed arguments by the Commissioner, the District Court's holding that "appellate jurists *might* view the historical evidence cited by the Commissioner and unearthed by this court as sufficient to satisfy the government's evidentiary burden" (Doc 81, pg. 3 (emphasis added)) is damning for his position, as the U.S. Supreme Court acknowledged that "[m]ore than a mere possibility of relief is required," *Nken v. Holder*, 556 U.S. 418, 434 (2009); and is a far cry from this Court's "reasonable chance, or probability, of winning" or "significantly better than negligible" showing required of the Commissioner, *In re Revel AC, Inc.*, 802 F.3d 558, 570-71 (3d Cir. 2015); especially when buttressed with the fact that a stay is an "extraordinary remedy" that should be rarely granted in this Circuit, per *Conestoga Wood Specialities Corp*, 2013 WL 1277419 *1-2. It also ignores the District Court's finding that the transport of firearms in motor vehicles is conduct protected by the Second Amendment and that "*Commissioner Paris has submitted nothing of evidentiary value in support of his position*" and "failed to present any basis in history or tradition to uphold comprehensive prohibitions on the transportation of firearms in vehicles." Doc. 61, pgs. 31-32 (emphasis added).

As the Commissioner failed to show *any* likelihood of success and the District Court only held that this Court "might" hold to the contrary – which is insufficient per *Nken* – the District Court erred in granting a stay.

### b. The Commissioner will not suffer irreparable harm without a stay

On the second factor, while the Commissioner initially acknowledges that he must show that he, *as the applicant*, "will be irreparably harmed" (Doc. 19, pg. 6), he, again,[6] intentionally and incorrectly contends that "when the government is a party, its interests merge with the public's interest," directly contrary to the U.S. Supreme Court's holding in *Nken*. First and foremost, the *Nken* Court declared the factors to be:

> (1) whether the *stay applicant* has made a strong showing that he is likely to succeed on the merits; (2) whether *the applicant* will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the *other parties* interested in the proceeding; and (4) where the public interest lies."

556 U.S. at 434 (emphasis added). Thereafter, the Court explained that the third and fourth factors – harm to *the opposing party* (*i.e.* Plaintiffs/Appellees in this matter) and the public interest – only "merge when the Government is *the opposing party*." *Id*. at 435; *see also*, *Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Sec.*

---

[6] *See*, Plaintiffs' Brief in Opp., Doc. 77, pg. 13.

7

*("DSSA")*, 108 F.4th 194, 205 (3d Cir. 2024) (declaring that "the third and fourth factors…, harm to the opposing party and the public interest, merge when the Government is the *opposing party*.").

In this matter, realizing that there is no basis for the District Court's grant of a stay and that he failed, as addressed *infra*, to establish any public interest in enforcing his unconstitutional law, the Commissioner purposely tries to swap the order of factors (2) and (3), as well as, attempts to mislead this Court into believing that he is somehow the opposing party to his own application. This type of conduct should not be countenanced by this Court.

As this Court declared, "the first two factors are the most critical, if the chance of success on the merits is only better than negligible and the possibility of irreparable injury is low, a stay movant's request fails." Here, the Commissioner was required to show, initially, both that he had "more than a mere possibility" and more than a "possibility of irreparable injury." *Nken*, 556 U.S. at 434. As addressed *supra*, the Commissioner already failed to show the first prong.

In relation to irreparable harm, as Appellees addressed (Doc. 17, pgs. 11-15), the Commissioner was required to "demonstrate an injury that is neither remote nor speculative, but actual and imminent," *In re Revel AC*, 802 F.3d at 571; which he failed to do, as well. In fact, the Commissioner fails to address Appellees arguments that a "generalized claim of harm is hardly enough to call for this

8

extraordinary and drastic remedy," *DSSA*, 108 F.4th at 205; that he failed to allege any actual or imminent irreparable injury, instead just relying on speculation, and that there exists no justification to continue prosecuting individuals for violations of unconstitutional laws (Doc. 17, pgs. 11-15), which results in his concession, *Sang Geoul Lee*, 720 F. App'x at 666. The lack of irreparable harm is also magnified by the Commissioner's concession that "a stand-alone Section 6106(a)(1) charge is rare" and completely undermines his argument that "[a] halt on any enforcement of the vehicle provision would thus complicate hundreds of [unspecified] prosecutions." Doc. 19, pg. 15-16.

*        *        *        *

As the Commissioner failed to make a strong showing of a likelihood of success on appeal or any irreparable harm, this Court need not reach the last two factors and the stay should be lifted and vacated. *See In re Revel AC*, 802 F.3d at 571.

           **c.**     **The stay of the Court's Order harms Plaintiffs**

Once again, the Commissioner fails to address Appellees' argument that the loss of a constitutional right, even for limited periods of time, constitutes irreparable injury; and thus, concedes it.

Furthermore, while contending that "*Suarez* Plaintiffs will suffer no imminent injury," the Commissioner thereafter admits that Appellees have a

9

"likelihood of being arrested and prosecuted" for violating Section 6106 – a felony – if they carry a loaded firearm in their vehicles (Doc. 19, pg. 17), which the District Court found to be conduct protected by the Second Amendment. Moreover, the Commissioner's candor is on full display, when he attempts, thereafter, to mislead this Court into believing that Appellees cannot "be arrested for traveling with *unloaded* firearms in their vehicles," citing to Section 6106(b)(8), and contending that "[t]hey simply have to keep their guns unloaded and secure while traveling in a vehicle." Doc. 19, pgs. 17-18. As Appellees have previously addressed (Doc. 40, pgs. 6-9, 33-36; Doc. 46, pgs. 7-10, 38-42) and is belied by the statutory text, one is extremely limited, in the absence of a license, to transport *even unloaded* firearms in this Commonwealth. And then, there is the Commissioner's false contention that Appellees submitted "vague affidavits," when their affidavits, *inter alia*, explicitly identified locations they desired to carry firearms to, the distances from their homes, their inability to traverse the distances on foot, and the unlawful nature of transporting their firearms to those locations in vehicles. *See* Doc. 39-6, ¶¶ 27-28, 38-39, 49-50, 55.

As the stay is causing irreparable harm to the Appellees, this Court should lift and vacate the stay.

### d. A stay is not in the public interest

As the Commissioner failed to respond to Appellees' arguments that a stay was not in the public interest (Doc. 17, pgs. 18-19), consistent with *Sang Geoul Lee*, 720 F. App'x at 666, the Commissioner has conceded these arguments.

\*     \*     \*     \*

For all these reasons, the District Court erred in granting the Commissioner a stay and this Court should lift and vacate it.

### B. In the Alternative, this Case Should Be Expedited

No different than this Court's grant of expedition in *Koons, et al v. Attorney General of New Jersey*, 23-1900 & 23-2043, where Plaintiff/Appellees' Second Amendment protected rights are being challenged, in the event, *arguendo*, this Court does not lift and vacate the stay, it should expedite this matter.

### CONCLUSION

As the District Court's Order granting the Commissioner a stay pending appeal was contrary to binding precedent, this Court should lift and vacate the stay or, in the alternative, expedite this matter.

11

Dated: September 30, 2024		Respectfully Submitted,

*[signature: Joshua Prince]*

Joshua Prince, Esq.
Attorney Id. No. 306521
Civil Rights Defense Firm, P.C.
646 Lenape Rd
Bechtelsville, PA 19505
888-202-9297 ext. 81114
610-400-8439

*Counsel for Plaintiffs/Appellees/Cross-Appellants*

## CERTIFICATE OF COMPLIANCE

1. I, Joshua Prince, certify that I am a member of the bar of this Court.

2. This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(c) because it contains 2,599 words, excluding the parts of the brief exempted under Federal Rule of Appellate Procedure 32(f). This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Times New Roman 14-point font, a proportionally spaced typeface.

3. This document was scanned for viruses using Bitdefender Virus Scanner v. 3.17.276, and no virus was detected

_____
Joshua Prince, Esq.
*Counsel for Plaintiffs/Appellees/Cross-Appellants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served upon the following through the Court's ECF system:

Daniel B. Mullen
Deputy Attorney General
Office of Attorney General
1251 Waterfront Place, Mezzanine Level
Pittsburgh, PA 15222
dmullen@attorneygeneral.gov
*by Electronic Filing*

_____
Joshua Prince, Esq.
*Counsel for Plaintiffs/Appellees/Cross-Appellants*