Consolidated Nos. 24-2395, 24-2436, 24-2591, & 24-2602

# In the
# United States Court of Appeals
# for the Third Circuit

◆

**JULIO SUAREZ, ET AL.,**
*Plaintiffs–Appellees–Cross-Appellants,*

v.

**COMMISSIONER PENNSYLVANIA STATE POLICE,**
*Defendant–Appellant–Cross-Appellee.*

◆

Appeal from the United States District Court
for the Middle District of Pennsylvania
Case No. 1:21-cv-00710

◆

**TAYLOR BROWN, ET AL.,**
*Plaintiffs–Appellants,*

v.

**COMMISSIONER PENNSYLVANIA STATE POLICE,**
*Defendant–Appellee.*

◆

Appeal from the United States District Court
for the Middle District of Pennsylvania
Case No. 1:24-cv-01015

◆

**APPELLEES'/CROSS-APPELLANTS'/APPELLANTS RESPONSE IN OPPOSITION TO APPELLANT'S MOTION TO HOLD CASE C.A.V.**

◆

JOSHUA PRINCE, ESQ.
CIVIL RIGHTS DEFENSE FIRM, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 202-9297
Joshua@CivilRightsDefenseFirm.com

*Counsel for Appellees/Cross-Appellants*

Pursuant to Federal Rule of Appellate Procedure 27 (a)(3)(A) and (B), Plaintiffs/Appellees/Cross-Appellants Julio Suarez, Daniel R. Binderup, Daniel F. Miller, Firearms Policy Coalition, Inc., and Second Amendment Foundation (Nos. 24-2395, 24-2436, & 24-2602) (*Suarez* Plaintiffs), as well as, Plaintiffs/Appellants Taylor Brown, Shawn Palmer, Maxwell Ness, and Second Amendment Foundation (No. 24-2591) (*Brown* Plaintiffs), by and through their counsel, hereby file this response in opposition to the Appellant's Cross-Motion to hold the consolidated appeals *C.A.V.* (Doc. 19).

## ARGUMENT

As this Court previously declared, it constitutes an "extraordinary act [to] delay[] the injunction of an unconstitutional law" as "[o]ur Constitution ordinarily demands 'prompt rectification' of constitutional violations, absent an 'overwhelmingly compelling reason.'" *Atl. Coast Demolition & Recycling, Inc. v. Bd. of Chosen Freeholders of Atl. Cnty.*, 112 F.3d 652, 669 (3d Cir. 1997), *amended*, 135 F.3d 891 (3d Cir. 1998) (quoting *Watson v. City of Memphis*, 373 U.S. 526, 533 (1963)). Furthermore, "it is always in the public interest to prevent the violation of a party's constitutional rights," *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998), for "the enforcement of an unconstitutional law vindicates no public interest." *K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 114 (3d Cir. 2013); *ACLU v. Ashcroft*, 322 F.3d 240, 251 n.11 (3d

1

Cir. 2003) ("[N]either the Government nor the public generally can claim an interest in the enforcement of an unconstitutional law." (citation and international quotation marks omitted)).

Although the *Suarez* and *Brown* Plaintiffs cited this precedent in their Motion to Lift and Vacate Stay (Doc. 17, pgs. 8, 18-19), as has become par for the course, the Commissioner fails to address it in his response or motion to hold these consolidated cases *C.A.V. See* Doc. 19. In fact, the portion of his response that constitutes his putative motion, lacks any citation to the Federal Rules of Appellate Procedure governing his motion or any precedent for a party to request a court to hold a case *C.A.V.*

Regardless, the three prior instances that the Commissioner lists of this Court, *sua sponte*, holding cases *C.A.V.* are unpersuasive, especially when the background to those cases is reviewed, which is, again, noticeably absent from discussion in the Commissioner's filing. In relation to *Lara*, Dkt. 21-1832, the notice (Doc. 53) was issued, *sua sponte*, on January 4, 2022, after briefing had concluded in that case and only after briefing and oral argument were complete[1] in *New York State Rifle & Pistol Association, Inc, et al. v. Bruen, et al.*, Dkt. 20-843.

---

[1] Briefing was complete on October 14, 2021 and oral argument occurred on November 3, 2021. *See* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/20-843.html.

In relation to *Dennison v. Indiana University of Pa., et al.*, Dkt. 22-2649,[2] the notice (Doc. 36) was issued, *sua sponte*, on August 23, 2023, after briefing had concluded, but was thereafter lifted approximately two and half weeks later on September 12, 2023, before oral argument occurred in *Muldrow v. City of St. Louis*, Dkt. 22-193.[3] The rationale in granting and then lifting the hold is unknown, although it is suspected that this Court determined that any holding in *Muldrow* would be inapplicable to the issues before it in *Dennison*.

In relation to *Carter v. Baumcratz*, Dkt. 21-3252, the Appellant appears to be a *pro se* inmate and the notice (Doc. 26), which referenced three other pending cases that may affect the determination of the case, was issued, *sua sponte*, on September 21, 2022, after briefing had concluded.

What is clear from all these cases is that, in the extremely rare occasion where this Court has held cases *C.A.V.*, it is only *after* briefing is complete – contrary to the Commissioner's request – and typically arises where either the U.S. Supreme Court is poised to issue a related-decision in the forthcoming several months or an appellant is *pro se* and may benefit, due to a lack of legal aptitude, from other decisions being rendered in counseled matters first.

---

[2] The Commissioner incorrectly listed the docket number as 22-2549.
[3] Oral argument did not occur under December 6, 2023. *See* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/22-193.html.

3

In this matter, this Court has not yet issued a briefing schedule – let alone has briefing not concluded.[4] While Appellees have requested that this Court either lift and vacate the District Court's stay or expedite this matter (Doc. 17), such has no bearing on the rare occasions where this Court has held a case *C.A.V.* and is for the purpose of protecting their constitutional rights, which the Commissioner has consistently failed to address. Moreover, the undersigned is not currently aware of the U.S. Supreme Court granting certiorari in any pending cases related to the Second Amendment; let alone, any cases directly impacting this case. Lastly, the *Suarez* and *Brown* Plaintiffs are represented by counsel.

Furthermore, to the extent the Commissioner contends that N.J. Stat. Ann. § 2C:58-4.6 is somehow comparable to 18 Pa.C.S. § 6106 and that a decision in *Koons, et al v. Attorney General of New Jersey*, 23-1900 & 23-2043, would have any bearing on this matter, a simple comparison of 2C:58-4.6 and 6106 reflects the extremely diverse differences between the statutes and it is hard to fathom that, in the event this Court rules in Appellees favor in *Koons*, the Commissioner would withdrawal his appeal in this matter. If this court lifts the District Court's stay or the Commissioner withdraws his opposition to the stay being lifted and is amenable to withdrawing, *in toto*, his appeal in these consolidated appeals in the

---

[4] The Parties have agreed on a briefing schedule, pursuant to LAR 4.1, without the Commissioner conceding that expedition is necessary. Doc. 19, pg. 22, fn. 10.

event this Court rules in the *Koons* Plaintiffs/Appellees' favor, the *Suarez* and *Brown* Plaintiffs would consider agreeing to a stay of these consolidated appeals. The *Suarez* Plaintiffs waited over three years for their constitutionally protected rights, in part, to be vindicated by the District Court; just for the District Court to erroneously grant a stay. *See*, Doc. 17. This Court should not delay these proceedings further, as justice delayed is justice denied.

## CONCLUSION

For the foregoing reasons, this Court should deny the Commissioner's request to hold this case *C.A.V.*

Dated: September 30, 2024　　　Respectfully Submitted,

Joshua Prince, Esq.
Attorney Id. No. 306521
Civil Rights Defense Firm, P.C.
646 Lenape Rd
Bechtelsville, PA 19505
888-202-9297 ext. 81114
610-400-8439

*Counsel for Plaintiffs/Appellees/Cross-Appellants*

5

## CERTIFICATE OF COMPLIANCE

1. I, Joshua Prince, certify that I am a member of the bar of this Court.

2. This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(c) because it contains 1,023 words, excluding the parts of the brief exempted under Federal Rule of Appellate Procedure 32(f). This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Times New Roman 14-point font, a proportionally spaced typeface.

3. This document was scanned for viruses using Bitdefender Virus Scanner v. 3.17.276, and no virus was detected

_____
Joshua Prince, Esq.
*Counsel for Plaintiffs/Appellees/Cross-Appellants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served upon the following through the Court's ECF system:

Daniel B. Mullen
Deputy Attorney General
Office of Attorney General
1251 Waterfront Place, Mezzanine Level
Pittsburgh, PA 15222
dmullen@attorneygeneral.gov
*by Electronic Filing*

Joshua Prince, Esq.
*Counsel for Plaintiffs/Appellees/Cross-Appellants*