# THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| JULIO SUAREZ, et al., | : | |
| | : | |
| Appellees/Cross-Appellants | : | |
| | : | |
| v. | : | Nos. 24-2395, 24-2436, |
| | : | & 24-2602 |
| | : | |
| COMMISSIONER PENNSYLVANIA STATE POLICE, | : | |
| | : | |
| Appellant/Cross-Appellee | : | |

| | | |
|---|---|---|
| TAYLOR BROWN, et al., | : | |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | No. 24-2591 |
| | : | |
| COMMISSIONER PENNSYLVANIA STATE POLICE, | : | |
| | : | |
| Appellee | : | |

**COMMISSIONER OF THE PENNSYLVANIA STATE POLICE'S REPLY IN SUPPORT OF CROSS-MOTION TO HOLD THESE CASES *C.A.V.* PENDING THIS COURT'S DECISION IN *KOONS, ET AL V. ATTORNEY GENERAL OF NEW JERSEY***

Having failed to articulate any "exceptional reason" warranting expedited review, as required by 3d Cir. L.A.R. 4.1, Plaintiffs now scramble to counter the Commissioner's reasonable request to delay briefing in this case pending this Court's forthcoming decision in *Koons, et al v. Attorney General of New Jersey*, 23-1900 & 23-2043. None of their arguments are availing.

*First*, Plaintiffs contend that there is no "precedent for a party to request a court to hold a case *C.A.V.*," seemingly suggesting that it is something only a court may do *sua sponte*. Response at 2. But Plaintiffs need look no further than their own filings in this case for such precedent. In January 2022, the parties here *jointly* requested that the District Court stay briefing and further proceedings pending the Supreme Court's then-pending decision in *Bruen*. *See* Joint Motion (Dist. Ct. Dkt ECF No. 30). The District Court granted that request and stayed further briefing in the case for six months. Order (Dist. Ct. Dkt. ECF No. 31).

*Second*, Plaintiffs baldly maintain that this Court holds cases *C.A.V.* only in "extremely rare occasion[s]." Response at 3. They cite nothing to support that assertion.

*Third*, Plaintiffs attempt to nitpick irrelevant distinctions between this case and the three cases the Commissioner cited for examples of *C.A.V.* orders, falsely asserting that *C.A.V.* orders are issued only after briefing is completed. Response at 2-3. In fact, in *Carter v. Baumcratz*, this Court's *C.A.V.* order was issued *before* the

Appellees' brief was filed. *See also, e.g.*, *Tally v. Gilmore*, 19-3776, 3d Cir. Dkt. ECF No. 35 (staying proceedings pre-briefing at appellant's request where a pending because a then-pending decision "may affect" the outcome). In any event, Plaintiffs' miss the forest for the trees. The rational for any *C.A.V.* order—regardless of when and how it came to be issued—is that it conserves the Court's and the parties' resources by staying further briefing or proceedings pending a forthcoming decision that may have an impact. That rationale applies here.

*Fourth*, Plaintiffs maintain that the New Jersey law at issue in *Koons* and Pennsylvania's vehicle provision have "extremely diverse differences." Response at 4. They do not even attempt to explain what those "diverse differences" are. But both laws restrict the ability of citizens in their respective states to carry loaded firearms in private vehicles, and both laws must be justified by historical principles under *Bruen* and *Rahimi*.

Nonetheless, the fact that Pennsylvania's and New Jersey's laws are not identical down to every jot and tittle is immaterial. Indeed, when Plaintiffs requested that the District Court stay this case for six months so that the parties could have the benefit of *Bruen* before filing their briefs, *see* Joint Motion (Dist. Ct. Dkt ECF No. 30), it was not because the New York law under review in *Bruen* was identical to the Pennsylvania laws at issue here. Rather, it was because the High Court's methodology for analyzing New York's law was likely to have relevance on the

outcome. The same is true of *Koons*. While there may well be a basis for distinguishing Pennsylvania's law from New Jersey's moving forward, at this juncture this Court need only be satisfied that *Koons might* impact the outcome here. It unquestionably may. And it is absurd for Plaintiffs to argue that this Court's analysis of New Jersey's law will have no bearing on this case.

## CONCLUSION

The Court should hold any briefing or proceedings in this case *C.A.V.* pending *Koons, et al v. Attorney General of New Jersey*, 23-1900 & 23-2043.

                              MICHELLE A. HENRY
                              Attorney General

            By:   /s/ Daniel B. Mullen

                              DANIEL B. MULLEN
                              Deputy Attorney General
                              Bar No. 321525 (Pa.)

                              SEAN A. KIRKPATRICK
                              Chief Deputy Attorney General
                              Chief, Appellate Litigation Section

Office of Attorney General
1251 Waterfront Place
Pittsburgh, PA 15222
Phone: (412) 235-9067

DATE: October 2, 2024

## **CERTIFICATE OF SERVICE**

I, Daniel B. Mullen, Deputy Attorney General, hereby certify that on October 2, 2024, I served the foregoing document on the following:

>Joshua Prince, Esq.
>Prince Law Offices
>646 Lenape Road
>Bechtelsville, PA 19505
>*Counsel for Plaintiffs*
>(via CM/ECF)

>>*/s/ Daniel B. Mullen*
>>**DANIEL B. MULLEN**
>>**Deputy Attorney General**